Approved: _____
T. Josiah Pertz
Assistant United States Attorney

Before:  THE HONORABLE PAUL E. DAVISON
United States Magistrate Judge
Southern District of New York

21-MJ 2867

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

UNITED STATES OF AMERICA           :   **COMPLAINT**

           - v. -                  :   Violation of
                                       18 U.S.C. §§ 924(c) and
KAYF DEVAUGHN,                     :   2; 21 U.S.C.
                                       § 841(b)(1)(B)
                    Defendant.     :
                                       COUNTY OF OFFENSE:
                                   :   DUTCHESS

― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― ― x

SOUTHERN DISTRICT OF NEW YORK, ss.:

DANIEL ROSPERT, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (the "FBI"), and charges as follows:

COUNT ONE
(Possession of Fentanyl with Intent to Distribute)

1. On or about January 28, 2021, in the Southern District of New York and elsewhere, KAYF DEVAUGHN, the defendant, intentionally and knowingly distributed and possessed with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).)

COUNT TWO
(Possession of a Firearm in Furtherance of a
Drug Trafficking Crime)

3. On or about January 28, 2021, in the Southern District of New York and elsewhere, KAYF DEVAUGHN, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, possession of fentanyl with intent to distribute as charged in Count One of this Complaint, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, to wit: a Polymer 80 Inc. model PF940C, 9mm caliber semi-automatic handgun with no serial number.

(Title 18, United States Code, Section 924(c)(1)(A)(i))

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with the FBI. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

5. Based on my review of a rap sheet available on a law enforcement database, I know that, on or about June 16, 2017, KAYF DEVAUGHN, the defendant, was convicted upon a plea of guilty to Attempted Criminal Possession of a Weapon in the Second Degree in Dutchess County Court, and on or about July 10, 2017 was sentenced principally to a term of incarceration of 30 months and a term of supervised release of three years. DEVAUGHN was released to parole on or about December 12, 2019, with his term of parole extending through December 12, 2022.

6. Based on my review of a case report provided by the City of Poughkeepsie Police Department ("CPPD"), including a supporting deposition and accompanying evidence log, as well as my conversations with a CPPD officer ("CPPD Officer-1") and my participation in this investigation, I have learned, among other things, the following:

2

a. In or about January 2021, KAYF DEVAUGHN, the defendant, was under the supervision of a parole officer in the Poughkeepsie office of the New York State Department of Corrections ("Parole Officer-1"). DEVAUGHN had informed Parole Officer-1, in substance and in part, that DEVAUGHN resided at a certain building with an address on Harrison Street in Poughkeepsie, New York (the "Harrison St. Residence"), and that DEVAUGHN was the sole occupant of the Harrison St. Residence.

b. On or about January 28, 2021 at approximately 8:15 a.m., pursuant to the conditions of DEVAUGHN's parole, Parole Officer-1 and other New York State parole officers (collectively, the "Parole Officers") conducted a search of the Harrison St. Residence. At the Harrison St. Residence, the Parole Officers encountered an individual whom Parole Officer-1 recognized as DEVAUGHN, as well as another adult male ("Individual-1"), and two children.

c. The Harrison St. Residence has three bedrooms. Parole Officer-1 observed DEVAUGHN exiting one of the bedrooms ("DEVAUGHN'S Bedroom"). On the floor in close proximity to the bed in DEVAUGHN'S Bedroom was a teal iPhone ("Cellphone-1"), whose protective case contained an identification card bearing DEVAUGHN's name. On the bed was a second cellphone, with an IMEI ending in 4617 ("Cellphone-2").

d. In a closet in DEVAUGHN'S Bedroom, the Parole Officers recovered a black and gray backpack containing, among other things, the following:

  i. approximately 300 grams of a substance that was later found through field testing to contain fentanyl;

  ii. a plastic bag containing approximately 70 round blue pills;

  iii. a plastic bag containing approximately 304 multi-colored car-shaped pills;

  iv. two digital scales; and

  v. packaging material.

e. In DEVAUGHN'S Bedroom, in a laundry basket, within arm's reach of the closet, the Parole Officers recovered a Polymer 80 Inc., model PF940C 9mm caliber handgun with no

3

serial number (the "Firearm"), containing a magazine loaded with 10 rounds of ammunition. The Parole Officers also recovered approximately $4,308 in U.S. currency from a dresser in DEVAUGHN'S Bedroom.

   f.   Individual-1 stated to the Parole Officers, in substance and in part, that he had come to visit from New York City, and was staying in a rear bedroom at the Harrison St. Residence ("Individual-1's Bedroom"). In Individual-1's Bedroom, the Parole Officers recovered, among other things, a wallet containing a New York State identification card in the name of Individual-1, approximately $726 in U.S. currency, and a red iPhone ("Cellphone-3") in a clear case, which also contained a Metro-North Railroad ticket. In the pocket of a jacket hanging in the closet of Individual-1's bedroom, the Parole Officers recovered more than approximately 30 grams of a substance that was later found through field testing to contain crack cocaine, a clear plastic bag containing a tan powder-like substance that was later found through field testing to contain approximately 51 grams of fentanyl, and a plastic baggie holding approximately 61 glassine envelopes.

   g.   The Parole Officers searched a third bedroom at the Harrison St. Residence (the "Center Bedroom"), and recovered, among other things, approximately 18 glassine envelopes containing a tan powder-like substance, a clear plastic bag containing a tan powder-like substance, packaging materials, and a digital scale.

   7.   I know from conversations with another FBI Special Agent and an FBI Task Force Officer, each of whom who has worked on prior narcotics investigations, that the quantity of fentanyl found in each of DEVAUGHN'S Bedroom and Individual-1's Bedroom was larger than the quantity typically held by a fentanyl user at any one time for personal use, and that the quantity of crack found in Individual-1's Bedroom was larger than the quantity typically held by a crack user at any one time for personal use.

   8.   Based on my conversations with CPPD Officer-1, I know that the packing material found in DEVAUGHN'S Bedroom and the Center Bedroom are of a type that drug dealers commonly use to package drugs. Further, based on my training and experience, I know that individuals involved in narcotics trafficking often use multiple cellular phones to contact suppliers and purchasers of drugs.

4

WHEREFORE, deponent respectfully requests that KAYF DEVAUGHN, the defendant, be arrested, and imprisoned or bailed, as the case may be.

/s/ Daniel Rospert (credentials inspected # 22802)
DANIEL ROSPERT
Special Agent
Federal Bureau of Investigation

Sworn to before me by reliable electronic means, pursuant to Federal Rule of Criminal Procedure 4.1,  (via FaceTime)

Date:  3/15/21

_____
THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK